CORBETT & MOORE ET AL. v. JOHN BARTON PAYNE, AGENT UNITED STATES RAILROAD ADMINISTRATION; EAST CAROLINA RAILWAY COMPANY, AND ATLANTIC COAST LINE RAILROAD COMPANY.

(Filed 20 February, 1924.)

Carriers—Railroads—Bills of Lading—Stipulations as to Commencing Suit—Actions—Evidence—Nonsuit.

The law imposes a duty upon a common carrier to transport goods it has accepted safely, and to deliver them within a reasonable time; and under its contract of shipment, providing that suits for loss, damage or delay shall be instituted only within two years and one day after a reasonable time for delivery has elapsed, and the evidence in the action tends only to show that this had not been done, defendants' motion as of nonsuit thereon is properly granted.

APPEAL by plaintiffs from *Connor, J.,* at November Term, 1923, of EDGECOMBE.

Civil action to recover the value of four bales of cotton lost in transit.

On 10 November, 1919, Corbett & Moore delivered to the East Carolina Railway Company at Macclesfield, N. C., for shipment to J. W. Perry & Co., at Norfolk, Va., nineteen bales of cotton under a contract of shipment containing the following provision: "Suits for loss, damage or delay shall be instituted only within two years and one day after delivery of the property, or, in case of failure to make delivery, then within two years and one day after a reasonable time for delivery has elapsed."

11—187

Fifteen bales of this shipment were delivered in due course, and about which there is no complaint. Claim for the four bales was duly filed on 5 May, 1920.

The plaintiff contended and offered evidence tending to show that the four bales, for which suit is instituted, were retained by the East Carolina Railway Company on its platform at Macclesfield, N. C., until the summer of 1920; that it then shipped them to Farmville, N. C., and later consigned them, or four substituted bales, to J. W. Perry & Co., which were delivered 25 September, 1920.

It is agreed that ten days was a reasonable time within which the shipment of 10 November, 1919, should have been delivered, and it appeared from the plaintiffs' evidence that this action was instituted 25 February, 1922, more than two years and three months after the expiration of a reasonable time in which to make delivery.

At the close of the plaintiffs' evidence, on motion of the defendants, the court entered judgment as of nonsuit, upon the ground that suit was not instituted within the time limited in the contract.

*W. O. Howard for plaintiffs.*
*John L. Bridgers for East Carolina Railway.*
*F. S. Spruill and M. V. Barnhill for Payne and Atlantic Coast Line Railroad Company.*

STACY, J. Construing a similar limitation in an interstate bill of lading, with respect to when suit should be brought, the following conclusion was reached in the case of *Holmes v. R. R.,* 186 N. C., p. 63:

"We think the provision now under consideration must be held to mean that suits for loss, damage or delay shall be instituted only within two years and one day after delivery of the property, when delivered within a reasonable time, or, in case of failure to make delivery within a reasonable time, then within two years and one day after a reasonable time has elapsed. Without regard to the contract of carriage, when a common carrier takes into its possession goods for transportation, the law imposes upon the carrier the duty (1) to transport said goods safely, and (2) to deliver them within a reasonable time. Therefore, the stipulation inserted in each of the instant bills of lading should be interpreted, not only with reference to the language used, but also with regard to the law bearing on the subject of the contracts."

To like effect is the decision in *Rogers v. R. R.,* 186 N. C., 86.

Upon authority of these cases, the judgment of nonsuit entered below must be upheld.

Affirmed.